## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE

--------------------------------------------------------

JOY CASTRO

                Plaintiff,

     v.                              Civil Action No.

AMERICAN CAPITAL ASSOCIATES, LLC
AND DOUGLAS J. MACKINNON, SR.

                Defendants.

--------------------------------------------------------

### NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and where Defendants transact business in this State and this district.

### PARTIES

4.    Plaintiff, Joy Castro ("Plaintiff"), is a natural person who at all relevant times resided in the State of Tennessee, County of Davidson, and City of

Nashville.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, American Capital Associates, LLC ("ACA") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7.      Defendant, Douglas J. Mackinnon, Sr. ("Mackinnon") is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

8.      "[M]ost district courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, or directors from personal liability under the FDCPA." *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1070-71 (E.D. Cal. 2008); *see  Kistner v. Law Offices of Michael P. Margelefsky, L.L.C.*, 518 F.3d 433, 437-38 (6th Cir. 2008); *del Campo v. Kennedy*, 491 F. Supp. 2d 891, 903 (N.D.Cal.2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F.Supp.2d 615, 618-21 (D. Utah 2005); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F. Supp. 2d 389, 400 (E.D. Pa. 2004); *Musso v. Seiders*, 194 F.R.D. 43, 46-47 (D.Conn.1999); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 861-62 (D. Ariz. 1999); *Pikes v. Riddle*, 38 F. Supp. 2d 639, 640 (N.D. Ill. 1998); *Ditty v. CheckRite, Ltd.*, 973 F. Supp. 1320, 1337-38 (D. Utah 1997); *Newman v. Checkrite Cal., Inc.*, 912 F. Supp. 1354, 1372 (E.D. Cal.1995); *Teng v.

*Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 67 (E.D. N.Y. 1994).

9.     American Capital Associates, LLC and Douglas J. Mackinnon, Sr. ("Defendants") are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.     Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13.     Within one (1) year preceding the date of this Complaint, Defendants made and/or placed a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants.

14.     Within one (1) year preceding the date of this Complaint, Defendants willfully and knowingly utilized an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number, in effort to collect from Plaintiff an obligation, or alleged obligation,

owed or due, or asserted to be owed or due a creditor other than Defendants.

15.     Defendants, via their agent and/or employee Frank Santiago a/k/a "Mark Hammond" repeatedly contacted Plaintiff at her place of employment after being informed by Plaintiff that such calls were inconvenient to Plaintiff and violated the policy of Plaintiff's employer (§ 1692c(a)(1)(3)).

16.     Defendants, via their agent and/or employee Frank Santiago a/k/a "Mark Hammond" placed a telephone call to Plaintiff's cellular telephone and left Plaintiff a voicemail message in which Defendants failed to identify its true corporate name and failed to notify Plaintiff that the communication was from a debt collector.  (15 U.S.C. §§ 1692d(6), 1692e(11)).

17.     Defendants, via their agent and/or employee Frank Santiago a/k/a "Mark Hammond" threatened that if Plaintiff failed to make suitable payment arrangements for an alleged debt, Defendant would have Plaintiff served with process at her place of employment on June 28th, 2010, an action that was not permissible under existing law, and as evidenced by Defendants' failure to follow through with said threat, an action Defendants did not intend to take.  (15 U.S.C. § 1692e(5)).

18.     Defendants, via their agent and/or employee Frank Santiago a/k/a "Mark Hammond" made initial contact with Plaintiff via telephone call on June 14, 2010, and at such time, failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. 1692g(a) et seq., and further failed to provide Plaintiff with said required disclosures within five (5) days thereof.  (15 U.S.C. § 1692g(a) et

seq.).

19.    Defendants, via their agent and/or employee Frank Santiago a/k/a "Mark Hammond" made initial contact with Plaintiff via telephone call on June 14, 2010, and subsequently made threats to initiate litigation against Plaintiff during the thirty (30) day dispute period, overshadowing the disclosures required pursuant to 15 U.S.C. 1692g(a) et seq. (15 U.S.C. § 1692g(b)).

20.    Defendants repeatedly placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system. (47 U.S.C. 227(b)(1)(A)(iii)).

21.    Defendants' actions constitute conduct highly offensive to a reasonable person, and as a result of Defendants' behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I: ALL DEFENDANTS

22.    Plaintiff repeats and re-alleges each and every allegation contained above.

23.    Defendants violated the FDCPA as detailed above.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendants violated the FDCPA;

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f)   Awarding such other and further relief as the Court may deem just and proper.

## COUNT II: AMERICAN CAPITAL ASSOCIATES, LLC

24.     Plaintiff repeats and re-alleges each and every allegation contained above.

25.     Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place a telephone call to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated  47 U.S.C. § 227(b)(1)(A)(iii);

b)   Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c)   Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d)   Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)   Awarding Plaintiff reasonable attorneys' fees ands costs incurred in

this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as

may be allowed under the law.

**TRIAL BY JURY**

26.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 10, 2010

Respectfully submitted,

Joy Castro

By: /s/Craig Ehrlich
Craig Ehrlich
Attorney for Plaintiff
Weisberg & Meyers, LLC
5722 S. Flamingo Road, #656
Cooper City, FL 33330
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

***Please send correspondence to the address below***

Craig Ehrlich
Weisberg & Meyers, LLC
Attorneys for Plaintiff
5025 N. Central Ave. #602
Phoenix, AZ 85012